UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA J. CHEEK,

    Plaintiff,

    v.                                                              Case No. 23-C-766

ANTHONY S. PRESKOP, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Joshua Cheek is a prisoner confined at Dodge Correctional Institution who is representing himself in this 42 U.S.C. §1983 case. On June 13, 2023, along with his complaint, Cheek filed a motion for leave to proceed without prepaying the filing fee. That same day, the clerk's office mailed Cheek a letter informing him that he had to return, within twenty-one days, certified copies of his trust account statements from Dodge Correctional and the Winnebago County Jail for the six months preceding the filing of his complaint. Dkt. No. 4. The letter warned Cheek that "[f]ailure to comply . . . may result in the Court's dismissal of your case without further notice." *Id.* Cheek did not comply, so on July 7, 2023, the Court extended the deadline to submit his trust account statements to July 21, 2023. Dkt. No. 6. The Court again warned Cheek that his failure to timely file the statement or explain why he could not timely file the statement would result in the dismissal of his case.

The extended deadline has passed, and the Court has not received Cheek's trust account statements, nor has Cheek informed the Court of any challenges preventing him from arranging the submission of his trust account statements. Under 28 U.S.C. §1915(a)(2), a prisoner seeking

to proceed with a civil action without prepaying the filing fee must submit a certified copy of his institution trust account statement. Because Cheek has failed to comply with this requirement, the Court will deny his motion for leave to proceed without prepaying the filing fee and will dismiss this case without prejudice based on his failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that Cheek's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED** and this case is **DISMISSED without prejudice** based on Cheek's failure to pay the filing fee. Cheek may refile his complaint, but if he does so, he must pay a new filing fee (or move to proceed without prepaying the filing fee).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Cheek must pay the $350 statutory filing fee. Accordingly, the agency having custody of Cheek shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cheek is transferred to another institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Cheek is confined.

Dated at Green Bay, Wisconsin this 26th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge